| | |
|---|---|
| 1 | PHILLIP A. TALBERT<br>United States Attorney |
| 2 | BRITTANY M. GUNTER<br>Assistant United States Attorney |
| 3 | 2500 Tulare Street, Suite 4401<br>Fresno, CA 93721 |
| 4 | Telephone: (559) 497-4000<br>Facsimile:  (559) 497-4099 |
| 5 | |
| 6 | Attorneys for Plaintiff<br>United States of America |

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>   v.<br><br>AMANDA NICOLE NICOLETTI,<br><br>         Defendant. | | CASE NO: 1:23-CR-00195-JLT-SKO<br><br>STIPULATION TO CONTINUE STATUS CONFERENCE AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: November 1, 2023<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brittany M. Gunter, counsel for the government, and Roberto Dulce, counsel for Amanda Nicole Nicoletti ("the defendant"), that this action's **Wednesday, November 1, 2023, status conference be continued to Wednesday, January 17, 2024, at 1:00 p.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. The grand jury returned an indictment regarding this matter on September 5, 2023. Since that time, the parties agreed to and presented to the court a stipulation and proposed protective order regarding the production of third parties' personal information without redactions, which the court endorsed by way of formal order on October 12, 2023. Dkt. 12. The government then prepared and delivered an initial set of discovery to defense counsel

1

within the time limits set forth by Eastern District of California Local Rule 440. The defense is and has been reviewing discovery thus far provided.

2. The government currently believes all discovery has been produced pursuant to Rule 16. If the government identifies additional information that should be produced as supplemental discovery, the government will promptly produce it in accord with Rule 16.

3. Defense counsel needs more time to complete its review of the discovery, conduct any additional investigation, and communicate with both the defendant and government counsel about any potential pretrial resolution of this case.

4. Defense counsel believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5. The government does not object to the continuance.

6. The parties therefore stipulate that the period of time from November 1, 2023, through and including January 17, 2024, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:                                          PHILLIP A. TALBERT
                                                United States Attorney

                                         By:   /s/ BRITTANY M. GUNTER
                                                BRITTANY M. GUNTER
                                                Assistant United States Attorney

Dated:                                   By:   /s/ ROBERTO DULCE
                                                ROBERTO DULCE
                                                Counsel for Defendant

2

**O R D E R**

IT IS ORDERED that the status hearing currently set for November 1, 2023, at 1:00 pm is continued until January 17, 2024, at 1:00 pm.

IT IS FURTHER ORDERED THAT the period of time from November 1, 2023, through and including January 17, 2024, is excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: 10/25/2023

                                                                       /s/ Sheila K. Oberto
Hon. Sheila K. Oberto
United States Magistrate Judge

3