MICHELE BECKWITH
Acting United States Attorney
BRITTANY M. GUNTER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>AMANDA NICOLE NICOLETTI,<br><br>          Defendant. | Case No: 1:23-CR-00195-JLT-SKO<br><br>STIPULATION TO: (1) CONTINUE THE TRIAL DATE; (2) CONTINUE THE TRIAL CONFIRMATION HEARING DATE; AND (3) SET A MOTIONS HEARING DATE; ORDER |

THE PARTIES HEREBY STIPULATE, through their respective counsel, Assistant United States Attorney, Brittany M. Gunter, on behalf of the government, and Kevin Rooney, on behalf of defendant Amanda Nicole Nicoletti ("the defendant"), that this action's: (1) trial be continued to July 15, 2025; (2) trial confirmation hearing be continued to June 30, 2025; and (3) a motions hearing be set for June 30, 2025, the same date as the trial confirmation hearing.

The parties base this stipulation on good cause and therefore ask the court to endorse this stipulation by way of formal order. Specifically,

1. The grand jury returned an indictment regarding this matter on October 5, 2023. ECF 1. On November 9, 2023, the defendant obtained new counsel and the parties agreed to and presented to the court a stipulation and proposed protective order regarding the production of

1

third parties' personal information without redactions, which the court endorsed by way of formal order on December 11, 2023. ECF 20, 28. The government then prepared and delivered discovery to the defendant's new counsel.

2. The government provided supplemental discovery to the defense on March 14 and April 1, 2024. The defense is and has been reviewing discovery thus far provided.

3. The government currently believes all discovery has been produced pursuant to Rule 16. If the government identifies additional information that should be produced as supplemental discovery, the government will promptly produce it in accord with Rule 16.

4. On August 15, 2024, the Court set the case for trial on April 22, 2025, with a trial confirmation hearing set for April 7, 2025. ECF 76.

5. On December 5, 2024, the Court informed the parties that the trial would need to be moved based on the Court's unavailability.

6. The parties have since met and conferred about new trial, trial confirmation hearing, and motions hearing dates and cleared the agreed upon dates with chambers. In light of these efforts, the parties ask the Court to endorse to 1) continue the trial to July 15, 2025; 2) continue the trial confirmation hearing to June 30, 2025; and 3) set a motions hearing for the same day as the trial confirmation hearing, June 30, 2025. The parties estimate that trial should be completed within 5-7 full days.

7. The parties continue to be engaged in plea negotiations and are hopeful that an agreement might be reached that will eliminate the need for trial. If this matter is not resolved prior to trial, however, defense counsel will need additional time to investigate the case including potential defenses, contact potential witnesses, complete its review of discovery and supplemental discovery, and communicate with the defendant.

8. The parties identified the July 15, 2025, trial date in light of their analyses of relevant trial calendars, as well as agent and other witness availability.

9. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the

exercise of due diligence.

10. The parties therefore stipulate that the period of time from April 22, 2025, through July 15, 2025, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated: February 21, 2025                    MICHELE BECKWITH
                                            Acting United States Attorney


                                    By:  /s/ BRITTANY M. GUNTER
                                         BRITTANY M. GUNTER
                                         Assistant United States Attorney


Dated: February 21, 2025            By:   /s/ KEVIN ROONEY
                                          KEVIN ROONEY
                                          Attorney for Defendant
                                          Amanda Nicole Nicoletti


# O R D E R

IT IS ORDERED that:

(1) **the trial is continued to July 15, 2025**;

(2) **the trial confirmation hearing is continued to June 30, 2025**; and

(3) **a motions hearing is set for June 30, 2025**.

IT IS FURTHER ORDERED THAT the period of time from April 22, 2025, through and including July 15, 2025, is excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv)  because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the

3

public and the defendant in a speedy trial.

IT IS SO ORDERED.

    Dated: **February 21, 2025**

_____
UNITED STATES DISTRICT JUDGE